UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD BAGSBY, | No. 2:18-cv-00650-WBS-GGH |
| Petitioner, | |
| v. | ORDER |
| ROBERT W. FOX, | |
| Respondent. | |

Petitioner proceeds in this habeas corpus action acting in pro se and in forma pauperis.

*PETITION*

Petitioner states that he was convicted of and sentenced to 118 years to life for second degree robbery by the San Bernardino Superior Court on July 27, 1995. ECF 8 at 2.[1] He unsuccessfully appealed that conviction to the First District Court of Appeals. Id. at 5. To the question whether he sought review of the appellate decision in the California Supreme Court he responds only "N/A." Id. He does disclose, however, that he sought habeas corpus[2] relief from both the Solano County Superior Court, id. at 37-38, appeals from the denial of which were summary denied by the First District Court of Appeal on August 31, 2017, id. at 42, and the

---

[1] This information emanates from petitioner's amended complaint after his original complaint was dismissed with leave to amend as an incomplete document.

[2] The Superior note in a decision entered July 1, 2017 that the petitioner styled his claim as a Writ of Mandate which the court treated as a writ of habeas corpus. ECF 8 at 37.

1

California Supreme Court on November 29, 2017.[3]  Id. at 43.  He thereafter filed his original petition for writ in this court on March 26, 2018.  ECF No. 1.  In none of these documents, including the petition being considered here, does petition seek to overturn his conviction; rather he challenges his continued incarceration based upon the recent enactment of Proposition 57.[4]  He does not, however, claim that he is entitled to immediate release on parole based solely on the enactment of the Proposition, but rather argues that the California Department of Corrections and Rehabilitation must be ordered to enact regulations to set up a means by which that Proposition may be effected to consider  is release.  Id. at 27.[5]

A.     ACCESS TO RELIEF PURSUANT TO HABEAS CORPUS

        On November 8, 2016, the voters of California approved The Public Safety and Rehabilitation Act of 2016—Proposition ("Prop") 57.  People v. Marquez, 11 Cal. App. 5th 816, 821 (2017).  Prop 57 amended the California Constitution to add Section 32 to Article I, making nonviolent adult offenders "eligible for parole consideration after completing the full term for [their] primary offense[s]."  Cal. Const. art. I, § 32(a)(1).  "Primary offense" is defined as "the longest term of imprisonment imposed by the court for any offense, excluding the imposition of an enhancement, consecutive sentence, or alternative sentence."  Cal. Const., art. I, § 32(a)(1)(A).

        Section 32 directs the Department of Corrections to adopt regulations in furtherance of its provisions.  Cal. Const., art. I, § 32(b).  On April 13, 2017, temporary emergency regulations went into effect that, inter alia, provided for the referral of eligible inmates to the Board of Parole Hearings for Nonviolent Offender Parole Consideration, and the release of inmates approved for nonviolent-offender parole. Cal. Code Regs., tit. 15, §§ 2449.1–2449.5, 3490–93.  Cal. Const. art. I, § 32 (emphasis added).  The addition of § 32 to the California Constitution is the only change

---

[3] Petitioner has attached the decisions of these three courts to his petition and the court will grant judicial notice thereof pursuant to Federal Rule of Evidence 201(b)(2).
[4] Although he attaches no supporting documents, petitioner indicates that he pursued administrative relief, arguably with regard to the Proposition 57 issue, before seeking judicial consideration.  ECF No. 8 at 18.
[5] Since, as stated earlier, some sort of "temporary" regulations were enacted which appear not to have afforded petitioner access to a review process, he seeks an order directing the agency to establish a procedure for review.

2

made to the adult criminal justice system in California as a result of Proposition 57.  The text of Proposition 57 does not provide for existing prisoners to be resentenced.  Although the state court cases addressing application of Proposition 57 are all unpublished decisions, they have "uniformly state[d] that Proposition 57 creates a mechanism for parole consideration, not a vehicle for resentencing."  Daniels v. California Dep't of Corr. and Rehab., 2018 WL 489155, at *4 (E.D. Cal. 2018).  See Smith v. Philips, 455 U.S. 209, 221 (1982) ("A federally issued writ of habeas corpus, of course, reaches only *convictions obtained in violation of some provision of the United States Constitution.*")(*Emphasis added*); Rice v. Spearman, 2015 WL 1097331, *4 (C.D. 2015)("To the extent petitioner seeks habeas relief on the ground that he was wrongly denied a sentence reduction under Cal[.] Penal Code § 1170.126, his claim is not cognizable.[6]

Thus this matter cannot proceed as a habeas corpus case.  But this finding does not altogether preclude further action by petitioner.

B.   TREATMENT OF PRO SE LITIGATION

Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pro se complaints are construed liberally and may only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014).  A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  Wilhelm v. Beard, 2018 WL 1806753 (E.D.Cal. 2018).  It is possible that petitioner desires to bring a civil action to address his concerns; he may be attempting to bring suit against not just respondent, but also a doctor employed by the state.  He may, therefore have a potential claim against this and perhaps other state officers pursuant to 42 U.S.C. section 1983.

Petitioner states that he has been deprived of a liberty interest, cognizable as a due process violation under the Fourteenth Amendment to the federal Constitution.  He may, therefore have a potential claim against this and perhaps other state officers pursuant to 42 U.S.C. section 1983.

---

[6] Habeas corpus in state actions is broader in scope than federal habeas corpus actions.

3

Given the deference that must be given to pro se litigants as discussed above in the screening section of this Order, see Haines v. Kerner, supra, the court will here indulge this possibility.[7]

C.  42 U.S.C. SECTION 1983

Section 1983 provides:
Every person who, under color of [state law]...subjects or causes to be subjected, any citizen of the United States to the deprivation of any rights, privileges or immunities secured by the Constitution...shall be liable to the party injury in an action of law suit in equity, or other proper proceeding for redress.

The purpose of section 1983 is to give effect to the Fourteenth Amendment to the federal Constitution which states, in principal part that:

No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States, nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

Thus, in order to state a claim under section 1983 the plaintiff must plead and prove (1) state action (2) which deprived him of a federal right or interest, and (3) this deprivation did not include constitutionally sufficient notice and an opportunity to be heard before the deprivation was complete. See Lugar v. Edmondson Oil Co., 457 U.S. 922, 936 (1982), i.e., he must describe conduct that allegedly caused deprivation of a federal right that can be fairly attributable to the state. American Mfrs. Mutual Ins. Co. v. Sullivan, 527 U.S. 40, 50 (1999); Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532 (1985). In other words, there must be action taken pursuant to state, or federal, law and significant state involvement in the action taken. Sullivan, supra, at 50, n.9.

The facts stated about governmental action in the petition speak of failure to act by the CDCR, without naming any government official specifically. Petitioner must identify an individual government official, perhaps the head of that entity, to perfect his argument. There

---

[7] Although Daniels, supra, found in its case that no liberty interest existed, the undersigned notes here that unlike previous parole eligibility cases where a petitioner/plaintiff was alleging that no substantial evidence existed to justify his denial of parole eligibility, see, e.g., Swarthout v. Cooke, 562 U.S. 216 (2011), and hence there was no actionable violation of a liberty interest, the issue here is whether a liberty interest was created for the sole purpose of requiring a hearing in the first instance. This may be a different issue that presented by Swarthout.

4

may also be other officials who petitioner may believe played a part in the denial of the right to review so long as they specifically took part in the claimed offensive action – in this care rather a failure to act.

If petitioner determines to replead under 42 U.S.C. section 1983 he must conform his pleading to the dictates of Federal Rule of Civil Procedure 8(a)(2) which "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (*quoting* Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " Erickson v. Pardus, 551 U.S. 89, 93 (2007) (*quoting* Bell Atlantic, supra, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, supra, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), *overruled o.g.*, Davis v. Scherer, 468 U.S. 183 (1984).

Further, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

////

////

*CONCLUSION*

In light of the foregoing IT IS HEREBY ORDERED that:

1. The petition for habeas corpus is DISMISSED with leave to amend to state a civil rights claim;
2. Petitioner may, in 45 days from the date of this Order, file an amended complaint that conforms to the terms of this Order;
3. Failure to file an amended complaint will result in a recommendation that the petition be dismissed without leave to amend.

Dated: April 30, 2018

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE