# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD BAGSBY,<br><br>　　　　Petitioner,<br><br>v.<br><br>ROBERT W. FOX, Warden,<br><br>　　　　Respondent. | No. 2:18-cv-00650-WBS-GGH<br><br><u>FINDINGS AND RECOMMENDATION</u> |

Petitioner filed this habeas corpus matter appearing pro se and informa pauperis, on March 26, 2018. ECF No. 1. This original petition was dismissed on April 9, 2018 with leave to amend within 30 days insofar as petitioner had stated no grounds for relief in the body of the petition instead referring to "attachments" to the petition that were not attached. ECF No. 4. The first Amended Petition was filed on April 12, 2018, ECF No. 5, and was dismissed with leave to amend on April 30, 2018. ECF No. 9. That Order found that petitioner had not brought a proper habeas case insofar as he was not contesting the constitutionality of his conviction, but rather the fact that his sentence had not been reduced as he contended it should have been after the passage of Proposition 57. ECF No. 9 at 2. In that Order the court instructed petitioner that the relief he sought was not available pursuant to habeas corpus, but could be addressed under 42 U.S.C. section 1983, the federal civil rights statute. <u>Id.</u> at 5. The court gave the petitioner instructions regarding how to plead a case under section 1983, <u>id.</u> at 6-8, and granted him 45 days to file an

1

amended complaint that conformed to the instructions found in the Order. Id. at 8.[1] On June 18, 2018 petitioner filed a Third Amended Petition, presumably in response to the court's Order, ECF No. 11, along with a collection of medical records the purpose for which was not explained. ECF No. 14. On June 29, 2018 he filed a purported Fourth Amended Complaint comprised entirely of medical records starting in 2008 and ending with a 2016 laminectomy. ECF No. 13.

In none of the filed documents has Petitioner even attempted to plead a civil rights claim, rather relying on the body of his original habeas petition as "bolstered" by seemingly unrelated medical records. To this point petitioner has provided no factual statement regarding the basis for his continuing contention that he can seek relief under habeas corpus that addresses the defects discussed in the court's last Order. Rather he requests the court take judicial notice of the records of his appeal without providing those records and a search under the case number he lists as the one in which the records are supposedly found – FC 23307031. A search for such records was made by the court but disclosed no such case number nor any case in petitioner's name on the web site of the Third District Court of Appeal either by search of the purported case number or petitioner's name.

*DISCUSSION*

As this court explained in its April 30th Order, Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). Pro se complaints are construed liberally and may only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014). A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies

---

[1] Petitioner filed a Second Amended Petition on the same date that the court issued its order. ECF No. 10.

2

could not be cured by amendment. Wilhelm v. Beard, 2018 WL 1806753 (E.D.Cal. 2018). This liberality does not, however, continue forever.

In reading the latest filing, it becomes apparent that petitioner either refuses or is unable to state a cognizable claim. In this circumstance the petitioner has demonstrated that, after three opportunities and guidance from the court, the deficiencies that have been addressed by the court's prior orders will not and apparently cannot be cured by another opportunity to amend.

*CONCLUSION*

In light of the foregoing IT IS HEREBY RECOMMENDED that:

1. The petition be DISMISSED without leave to amend;

2. No certificate of appealability should be issued; and

3. The Clerk of the Court shall close this case.

**IT IS SO RECOMMENDED.**

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these findings and recommendations, petitioner may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. The petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991, 951 F.2d 1153 (9th Cir. 1991

Dated: August 14, 2018

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE